IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARY MARGARET BLANCHARD, )
TERRY and SANDRA GUPTON, )
FRED PIERCE, JERRY and )
CHARLOTTE STRANDBERG, and )
GARY and PAM TOPMILLER, )
Individually and on behalf of a class of )
persons similarly situated, )
                                                                                            )
      Plaintiffs, )
                                                                                            )
v. ) Civil Action No. _____
                                                                                            )
TENNESSEE VALLEY AUTHORITY, )
                                                                                            )
      Defendant. )
                                                                                             )

## CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs, individually and on behalf of a class of other people similarly situated, bring this Class Action Complaint against defendant Tennessee Valley Authority, and allege as follows:

## STATEMENT OF THE CASE

1. This is an action on behalf of plaintiffs and other class members against defendant Tennessee Valley Authority ("TVA") for negligence, gross negligence, nuisance, trespass, strict liability, inverse condemnation and injunctive relief as a result the catastrophic failure of a coal ash impoundment at TVA's Kingston Fossil Plant, in Roane County, Tennessee, which discharged over one billion gallons of coal ash sludge into the Emory River and surrounding property. The discharge of coal ash sludge has caused direct and substantial damages to the named plaintiffs and other members of a class comprised of nearby neighbors who have been and will continue to be directly

impacted by the sludge discharges. This foreseeable failure of the containment dike of TVA's so-called "dredge cells" on December 22, 2008, created a sludge tidal wave sweeping away roadways, railroad tracks, houses, boats, docks, vehicles, and trees and depositing coal ash sludge onto surrounding property. The sludge tidal wave deposited coal ash sludge in the Emory River and into at least six embayments of the Emory River formed by Watts Bar Reservoir where plaintiffs and class members own property and reside.

2.  The TVA coal ash sludge discharged from the impoundment contains toxic substances, including toxic metals, such as arsenic, thallium, antimony, lead, cadmium, mercury, selenium, boron, barium, cobalt and molybdenum. The sludge has contaminated the property of plaintiffs and other class members, has contaminated surface water and sediments, and has been spread around the nearby neighborhoods by flood waters, vehicle traffic and wind. As a result of TVA's coal ash sludge discharge, plaintiffs and other class members are seeking damages for injuries to real and personal property, loss of quality of life, economic losses due to business disruption, out of pocket expenses, and medical monitoring to monitor their exposure to toxic compounds in coal ash and potential health effects that may result. Plaintiffs and other class members also seek injunctive relief ordering TVA to completely remove coal ash sludge from their property and from surface waters and land adjoining their property, to prevent coal ash sludge from migrating onto their property, to monitor the air and water in their neighborhoods for the toxic components of coal ash, to prevent coal ash from migrating onto their property in the future, and to safely contain coal ash from the cleanup, coal ash

remaining in the coal ash pond, and coal ash generated by the Kingston Fossil Plant in the future.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 which grants federal subject matter jurisdiction over all suits against TVA. Subject matter jurisdiction is also found under 28 U.S.C. § 1337, in that TVA is a corporation created by a federal statute regulating commerce.

4. The United States Congress has waived sovereign immunity for TVA in the TVA Act, 16 U.S.C. §831c, which provides that TVA may sue and be sued in its corporate name.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e) in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern Division of the Eastern District of Tennessee, and in that a substantial part of the property that is the subject of this action is situated in the Northern Division of the Eastern District of Tennessee.

## PARTIES

6. Plaintiff Rev. Mary Margaret Blanchard is a natural person who owns and resides on property located at 100 Steven Lane in Roane County, Tennessee, near the massive discharge of coal ash sludge ("discharge") from defendant TVA's Kingston Plant. Her property has been and continues to be adversely affected by the discharge in that sludge is being spread onto and adjacent to her property by numerous vehicles traveling to and from the discharge area as a result of the discharge and by windblown

3

coal ash from the discharge area. She has been and continues to be exposed to coal ash and its toxic components as a result of TVA's discharge.

7. Plaintiffs Terry and Sandra Gupton are natural persons who own and reside on property located at 1307 Swan Pond Circle Road in Roane County, Tennessee, near the massive discharge of coal ash sludge ("discharge") from defendant TVA's Kingston Plant. Their real and personal property have been and continue to be directly impacted by the massive discharge of sludge, which has covered part of their property and contaminated water that stands and flows on their property in addition to water and sediment adjoining their property with coal ash. They operate a farming business on their property, which has been disrupted as a result of the discharge. They have been and continue to be exposed to coal ash and its toxic components as a result of TVA's discharge.

8. Plaintiff Fred Pierce is a natural person who owns and resides on property located at 154 Lakeshore Drive in Roane County, Tennessee, near the massive discharge of coal ash sludge ("discharge") from defendant TVA's Kingston Plant. His real and personal property have been and continue to be directly impacted by the massive discharge of sludge, which has covered part of his property and contaminated water and sediment adjoining his property with coal ash. He has been and continues to be exposed to coal ash and its toxic components as a result of TVA's discharge.

9. Plaintiffs Jerry and Charlotte Strandberg are natural persons who own and reside on property located at 558 Emory River Road in Roane County, Tennessee, near the massive discharge of coal ash sludge ("discharge") from defendant TVA's Kingston Plant located in Roane County, Tennessee. Their real and personal property have been

4

and continue to be directly impacted by the massive discharge of sludge, which has covered part of their property and contaminated water and sediment adjoining their property with coal ash. They have been and continue to be exposed to coal ash and its toxic components as a result of TVA's discharge.

10. Plaintiffs Gary and Pam Topmiller are natural persons who own and reside on property located at 504 Gunters Way in Roane County, Tennessee, near the massive discharge of coal ash sludge ("discharge") from defendant TVA's Kingston Plant located in Roane County, Tennessee. Their real and personal property have been and continue to be directly impacted by the massive discharge of sludge, which has covered part of their property and contaminated water and sediment adjoining their property with coal ash. They have been and continue to be exposed to coal ash and its toxic components as a result of TVA's discharge.

11. Defendant TVA is a corporation created by federal law and wholly owned by the United States, with the statutory capacity to sue and be sued, with its principal place of business located in Knoxville, Tennessee. At all times relevant to this action, TVA has owned and commercially operated the Kingston Fossil Plant.

## FACTUAL ALLEGATIONS

12. Defendant TVA owns and operates the Kingston Fossil Plant ("Kingston Plant"), a coal fired electric generating facility located along the banks of the Emory River near its confluence with the Clinch River in Roane County, Tennessee. The Emory and Clinch Rivers form part of the Watts Bar Reservoir, which includes certain embayments near the Kingston Plant.

5

13. The combustion of coal at the Kingston Plant has generated coal ash since the plant began operating in the 1950s, which has been stored in an approximately forty (40) acre above-ground wet storage impoundment located at the Kingston Plant.

14. The above-ground wet storage impoundment has consisted of a main ash pond, a stilling pond, and three dredge cells, and the contents of the impoundment were retained by a sixty (60) foot high containment dike made primarily of coal ash sludge.

15. Coal ash contains toxic compounds, including, but not limited to, toxic metals, such as arsenic, thallium, antimony, lead, cadmium, mercury, nickel, selenium, boron, barium, cobalt, zinc, copper, and molybdenum.

16. Arsenic has been designated by the United States Environmental Protection Agency as a Class A human carcinogen, based on increased lung cancer mortality for people exposed through inhalation, and based on increased mortality from multiple internal organ cancers (liver, kidney, lung, and bladder) and an increased incidence of skin cancer in populations consuming drinking water high in inorganic arsenic.

17. Defendant TVA's 2007 Toxic Release Inventory for the Kingston Plant shows that in just one year, the plant dumped the following quantities of metals contained in coal ash in its coal ash impoundment: about 45,000 pounds of arsenic, 86,000 pounds of chromium, 129,000 pounds of copper, 49,000 pounds of lead, 235 pounds of mercury, 72,000 pounds of nickel, 8,000 pounds of selenium, and 115,000 pounds of zinc.

18. On December 22, 2008, the containment dike for the dredge cell impoundment failed and/or collapsed resulting in the discharge of a tidal wave of over one billion gallons of coal ash sludge and contaminated water into the Emory River

which flowed downstream and covered approximately four hundred (400) acres of land in four (4) to six (6) feet of sludge, flooded numerous residences, pushed other residences off of their foundations, inundated the property of plaintiffs and other class members with coal ash sludge, ruptured gas lines, covered a road, caused a train wreck, and left numerous homes without power.

19. The tidal wave of coal ash sludge and contaminated water which resulted from the failure and/or collapse of the containment dike caused a massive fish kill, polluted other surface waters and sediments, and contaminated the property of the plaintiffs and the property of other class members. The massive discharge violated several federal and state environmental laws and created conditions harmful to human health and the environment.

20. TVA knew or should have known that the containment dike for the dredge cell impoundment at the Kingston Plant was likely to fail. The dike, which was constructed predominantly with coal ash sludge, was unlined, has had seeps since the 1980s, and suffered from recurring containment failures and other problems.

21. Defendant TVA failed to take reasonable and appropriate action to remedy these leaks and other problems and thereby prevent the catastrophic failure which occurred on December 22, 2008.

## CLASS ALLEGATIONS

22. Paragraphs 1-21 of this Complaint are hereby realleged and incorporated by reference herein.

23. Each of the plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all members of the class of

property owners whose properties have been impacted and contaminated by the massive discharge of coal fly ash as follows:

> All individuals who own property or reside in the Swan Pond Road neighborhood, the Swan Pond Circle Road neighborhood, the Lake Shore Drive neighborhood, the Emory River Road neighborhood, the Sportsman Club Road neighborhood, and along the Emory River and at least six embayments of the Emory River near the Kingston Plant, who have been directly impacted by the release of coal fly ash sludge from the Kingston Plant on December 22, 2008, and the subsequent migration of the coal ash through the area described hereinabove as a result of the discharge.

24. The exact number of members of the class described herein is not known, but upon information and belief, is comprised of over one hundred (100) property owners and residents.

25. Class action treatment is preferable to other available methods in providing a fair and efficient method for the adjudication of the controversy described herein, which has affected a large number of plaintiffs. The class action provides an effective method whereby the enforcement of the rights of the plaintiffs can be fairly managed without unnecessary expense or duplication.

26. The number of property owners with claims for legal and equitable relief against defendant TVA is so numerous that joinder of all claims of all members is impracticable.

27. There are numerous questions of law and fact common to the class regarding defendant TVA's massive discharge of coal ash sludge from the dredge cell

impoundment at the Kingston Plant, including TVA's liability for the discharge under theories of negligence, gross negligence, nuisance, trespass, strict liability, and inverse condemnation, the discharge of the coal ash sludge and contaminated water onto the property of plaintiffs and other class members, and whether plaintiffs and other class members are entitled to injunctive relief. These questions of law and fact common to the class are set out in greater detail in the remainder of this Complaint.

28. The claims of the class representatives are typical of the claims to be advanced by members of the class, in that they are among the most significantly impacted property owners, and their claims encompass those of the other class members they seek to represent.

29. The plaintiffs and their counsel will adequately represent the interests of the class and each of its members.

30. The prosecution of separate actions by individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants and/or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31. Defendant TVA has acted or refused to act on grounds generally applicable to the class, thereby making appropriate the issuance of final injunctive relief with respect to the class as a whole.

32. The questions of law and fact common to members of the class predominate over any questions affecting only individual members, and thus a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLAIMS
### COUNT ONE: NEGLIGENCE

33. Paragraphs 1-32 of this Complaint are hereby realleged and incorporated by reference herein.

34. At all times relevant hereto, defendant TVA had a duty to construct, operate and maintain the coal ash impoundment and the dredge cells at the Kingston Plant in such a manner as to prevent the release of coal ash sludge and contaminated water into the Emory River and onto surrounding property of plaintiffs and other class members.

35. Defendant TVA breached its duty of care by constructing, operating and maintaining the containment dike for the dredge cell impoundment at the Kingston Plant in such a manner as to negligently cause, permit, and/or allow the containment dike to fail and/or collapse resulting in the massive discharge of coal ash and contaminated water onto the property of plaintiffs and other class members.

36. Defendant TVA breached its duty of care by failing to take timely, adequate, reasonable and sufficient measures to prevent the failure and/or collapse of the containment dike of the dredge cell impoundment at the Kingston Plant resulting in the massive discharge of coal ash and contaminated water onto the property of plaintiffs and the property of other class members.

37. Defendant TVA failed to exercise due care in order to prevent the containment dike for the coal ash dredge cell impoundment at the Kingston Plant from

failure or collapse resulting in the massive discharge of coal ash and contaminated water onto the property of plaintiffs and the property of other class members.

38. Defendant TVA knew or should have known that that its construction, operation and maintenance of the containment dike of the dredge cell impoundment at the Kingston Plant would result in failure and/or collapse of the retention walls resulting in the massive discharge of coal ash and contaminated water onto the property of plaintiffs and other class members.

39. Defendant TVA's negligent acts and/or omissions described above proximately caused and continue to proximately cause damage to plaintiffs and other class members in the form of real and personal property damage, economic and business loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

## COUNT TWO: NEGLIGENCE PER SE

40. Paragraphs 1-39 of this Complaint are hereby realleged and incorporated by reference herein.

41. The Federal Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.*, the Federal Resource Conservation and Recovery Act ("RCRA"), §§ 42 U.S.C. §§ 6901, *et seq.*, the Tennessee Solid Waste Disposal Act ("TSWDA"), Tenn. Code. Ann. §§ 68-211-101, *et seq.* and the Tennessee Water Quality Control Act (TWQCA"), Tenn. Code. Ann. §§ 69-3-101, *et seq.*, were each enacted to protect a class of citizens which includes the plaintiffs and other class members.

42. The damages to plaintiffs and other class members, their properties and the natural resources in the nearby environment are of the types that are prohibited by the CWA, RCRA, TSDWA and TWQCA.

43. Due to the massive discharge of coal ash sludge and contaminated water from the Kingston Plant, defendant TVA has violated the provisions of the CWA, including but not limited to § 301(a), 33 U.S.C. § 1311(a), § 402, 33 U.S.C. § 1342, and § 404, 33 U.S.C. § 1344.

44. Due to its massive discharge of coal ash sludge and contaminated water from the Kingston Plant, defendant TVA has violated the provisions of RCRA, including but not limited to § 4005, 42 U.S.C. § 6945 and §7002(a)(1)(B), 42 U.S.C. §6972(a)(1)(B).

45. Due to its massive discharge of coal ash sludge and contaminated water from the Kingston Plant, defendant TVA has violated the provisions of the TSWDA, including but not limited to Tenn. Code Ann. § 68-211-104.

46. Due to its massive discharge of coal ash sludge from the Kingston Plant, defendant TVA has violated the provisions the TWQCA, and the regulations promulgated thereunder, including but not limited to Tenn. Code. Ann. § 69-3-108(b) and Tenn. Code Ann. § 69-3-1134(a).

47. These violations of the CWA, RCRA, TSWDA and TWCA constitute negligence per se on the part of defendant TVA.

48. Defendant TVA's violations of these statutes, described above, have proximately caused and continue to proximately cause damage to plaintiffs and other class members in the form of real and personal property damage, economic and business

loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

## COUNT THREE: GROSS NEGLIGENCE

49. Paragraphs 1-48 of this Complaint are hereby realleged and incorporated by reference herein.

50. Defendant TVA's acts and/or omissions in the construction, operation and maintenance of the retention dike for the dredge cell impoundment at the Kingston Plant, and the resulting massive discharge of coal ash sludge and contaminated water into the environment and onto the property of plaintiffs and other class members, were done with an utter unconcern for the safety of others, including plaintiffs and other class members.

51. Defendant TVA's acts and/or omissions in the construction, operation and maintenance of the coal ash impoundment at the Kingston Plant, and the resulting massive discharge of coal ash sludge and contaminated water into the environment and onto the property of plaintiffs and other class members, were done with such a reckless disregard for the rights of others, including the plaintiffs and other class members, that a conscious indifference to the consequences should be implied.

52. These acts and/or omissions of defendant TVA are intentional, willful, wanton, reckless, illegal, or were done with conscious and deliberate disregard for the property, safety, and rights of the plaintiffs and other class members.

53. As a result of these acts and omissions of defendant TVA, the plaintiffs and other class members are entitled to punitive damages.

## COUNT FOUR: TRESPASS

54. Paragraphs 1-53 of this Complaint are hereby realleged and incorporated by reference herein.

55. Defendant TVA has committed intentional acts and/or omissions that have caused and are causing coal ash sludge, toxic metals and other pollutants to enter onto the property of the plaintiffs and the property of other class members without their permission. This deliberate invasion and contamination constitutes a trespass.

56. Defendant TVA's trespass has caused and is causing damage to plaintiffs and other class members in the form of real and personal property damage, economic and business loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

## COUNT FIVE: NUISANCE

57. Paragraphs 1-56 of this Complaint are hereby realleged and incorporated by reference herein.

58. Defendant TVA's acts and/or omissions in its construction, operation, and maintenance of the coal ash impoundment at the Kingston Plant have created a nuisance to plaintiffs and other class members.

59. Defendant TVA's acts and/or omissions that have caused and are causing coal ash sludge, toxic metals and other pollutants to enter onto the property of the plaintiffs and the property of other class members constitute a private nuisance, in that defendant TVA's acts and/or omissions have caused substantial and unreasonable

interference with plaintiffs' and other class members' use and enjoyment of their property.

60. Defendant TVA's unreasonable interference with the use and enjoyment by plaintiffs and other class members of their property has caused and will cause damage to plaintiffs and other class members in the form of real and personal property damage, economic and business loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

### COUNT SIX: STRICT LIABILITY

61. Paragraphs 1-60 of this Complaint are hereby realleged and incorporated by reference herein.

62. Defendant TVA has engaged in an ultrahazardous and abnormally dangerous activity by discharging coal ash sludge and contaminated water containing toxic metals and other pollutants into the Emory River and its embayments and onto the property of plaintiffs and other class members.

63. Defendant TVA is strictly liable for all damages resulting from its acts including real and personal property damage, economic and business loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment.

### COUNT SEVEN: INVERSE CONDEMNATION

64. Paragraphs 1-63 of this Complaint are hereby realleged and incorporated by reference herein.

65. The Fifth Amendment to the United States Constitution provides, in relevant part, "…nor shall private property be taken for public use without just compensation."

66. Defendant TVA has been granted the power to exercise the right of eminent domain in the name of the United States of America.

67. Plaintiffs and other class members hold legal title to property which has been taken and/or injured by defendant TVA's discharge of coal ash sludge and contaminated water onto the property of plaintiffs and other class members.

68. TVA's acts and/or omissions in causing the massive discharge of coal ash sludge and contaminated water onto the property of plaintiffs and other class members amounts to such an interference with and/or invasion of plaintiffs' and other class members' property rights as to amount to a compensable taking.

69. Plaintiffs' and other class members' property has been taken and/or injured by defendant TVA in the exercise of its government powers.

70. Plaintiffs' and other class members' property has been taken and/or injured without just compensation being paid to plaintiffs and other class members by defendant TVA.

71. Defendant TVA is liable for just compensation to plaintiffs and other class members for damages to plaintiffs' and other class members' property.

## COUNT EIGHT: INJUNCTIVE RELIEF

72. Paragraphs 1-71 of this Complaint are hereby realleged and incorporated by reference herein.

73. Defendant TVA's massive discharge of coal ash sludge and contaminated water, and the widespread water, sediment, and soil contamination, has caused a threat of immediate and irreparable harm to plaintiffs and other class members. Plaintiffs and other class members have been and continue to be exposed to coal ash containing toxic metals and other toxic substances.

74. TVA has downplayed this exposure and has denied requests to provide or fund medical monitoring of the plaintiffs and other class members. In order to be effective, medical monitoring of plaintiffs and other class members needs to begin immediately.

75. TVA has failed to relocate, temporarily or permanently, all of the exposed plaintiffs and other class members from the area of contamination.

76. TVA has failed to provide plaintiffs and other class members timely and complete information on the extent of contamination of their homes and property, so that they can make informed decisions for the protection of the health of themselves and their families.

77. TVA has failed to fully characterize the extent the area impacted by the discharge and has failed to adequately plan for and conduct the removal of coal ash sludge from this area.

78. TVA has failed to provide for the safe long-term storage of the coal ash sludge that is being removed from the discharge area, the safety of the remaining ash impoundment, and the safe long-term management of coal ash that continues to be generated at the Kingston Plant.

79. Plaintiffs and other class members are being and will continue to be injured by TVA's failures as set out above, and are entitled to temporary and permanent injunctive relief.

## COUNT NINE: INDIVIDUAL INJURIES

80. Paragraphs 1-79 of this Complaint are hereby realleged and incorporated by reference herein

81. The representative plaintiffs, individually, as a result of TVA's negligence, as set out herein, have suffered and continue to suffer emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members demand judgment against defendant TVA as follows:

   a. Award plaintiffs and class members damages in an amount greater than Five Million Dollars ($5,000,000) sufficient to compensate them for real and personal property damage, economic and business loss, out of pocket expenses, loss of use of property, loss of quality of life, and aggravation and inconvenience.

   b. Award individual representative plaintiffs an amount sufficient to compensate them for the emotional distress caused by TVA's negligence.

   c. Award plaintiffs and class members punitive damages in an amount sufficient to punish TVA for its gross negligence and to deter future gross negligence.

   d. Issue a Preliminary Injunction ordering TVA to:

(1) Immediately set up a medical monitoring program for plaintiffs and other class members to determine the extent of their exposure to coal ash and its toxic constituents and the health effects resulting from that exposure over time.

(2) Immediately begin characterizing the full extent of the contamination of land, surface waters, sediments, and groundwater as a result of the coal ash disposal and provide this information to the plaintiffs and other class members as it becomes available;

(3) Diligently monitor the air and water in the area during the cleanup process and provide this information to plaintiffs and other class members as it becomes available;

(4) Temporarily relocate during the cleanup those plaintiffs and class members whose property has been impacted by the coal ash spill to prevent exposure to coal ash dust;

(5) Immediately monitor public and private water supplies used by plaintiffs and other class members to ensure that they are not contaminated by the coal ash sludge and immediately provide alternative water supplies where contamination has been detected; and

(6) Immediately develop and implement a plan to ensure that the coal ash removed from the discharge area is safely contained, that the remaining coal ash impoundment cells at the Kingston fossil plant will not fail, and that coal ash sludge that continues to be generated is safely managed.

e. Issue a Permanent Injunction ordering TVA to completely remove the coal ash contamination from the property of the plaintiffs and class members, and from lands, sediments, and waters surrounding their property.

f. Award plaintiffs post-judgment interest, costs, and reasonable attorneys' fees as applicable.

g. A jury is demanded to try this case.

h. Order such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 9th day of January, 2009.

/s/ Rebecca C. Kaman
For Plaintiffs

Mary A. Parker, Esq. (TN BPR # 006016)
Stephen C. Crofford, Esq. (TN BPR # 012039)
Parker & Crofford
1230 2nd Avenue South
Nashville, TN 37210
Tel: 615-244-2445
mparker@parker-crofford.com
scrofford@parker-crofford.com

Gary A. Davis, Esq. (TN BPR # 009766)
Rebecca C. Kaman, Esq. (TN BPR # 022870)
Gary A. Davis & Associates
P. O. Box 649
61 N. Andrews Avenue
Hot Springs, NC 28743
Tel: 828-622-0044
gadavis@enviroattorney.com
bkaman@enviroattorney.com

Jere Locke Beasley, Esq.
(admission *pro hac vice* requested)
Rhon E. Jones, Esq.
(admission *pro hac vice* requested)
Beasley Allen Law Firm
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com