UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARY MARGARET BLANCHARD, *et al.*, | ) | No.: 3:09-CV-09 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY | ) | |

| | | |
|---|---|---|
| ROBERT O. GILTNANE, *et al.*, | ) | No.: 3:09-CV-14 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY | ) | |

| | | |
|---|---|---|
| VICKY LONG, *et al.*, | ) | No.: 3:09-CV-114 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, *et al.*, | ) | |

## MEMORANDUM AND ORDER

These civil actions are before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this

Court, and pursuant to orders of the Honorable Thomas A. Varlan, United States District Judge,

referring Plaintiffs' Motion to Consolidate Cases.[1]  The Tennessee Valley Authority ("TVA")

originally responded in opposition to the Plaintiff's motion [Doc. 206], but TVA later withdraw its

opposition, [See Docs. 223 and 224].[2]  Defendants Geosyntec Consultants, Inc., ("Geosyntec") and

WorleyParsons Corporation ("WorleyParsons") have both responded in opposition to consolidation.

[Docs. 204 and 205].  The Plaintiffs made a final reply to WorleyParsons and Geosyntec on April

---

[1]The Motion to Consolidate is Doc. 133 in <u>Blanchard</u>, Case No. 3:09-CV-09, Doc. 129 in
<u>Giltnane</u>, Case No. 3:09-CV-14, and Doc. 196 in <u>Long</u>, Case No. 3:09-CV-114.  The same motion,
supporting documentation, and responses have been filed in each of the cases.  However, <u>Long</u>, Case No.
3:09-CV-114, includes two additional defendants: Geosyntec Consultants, Inc., and WorleyParsons
Corporation.  Both of these defendants have filed responses to the Motion for Consolidation, and thus,
for clarity and completeness, the Court will make its citations to the documents filed in <u>Long</u>, Case No.
3:09-CV-114.

[2]The Plaintiffs also moved to sever certain Plaintiffs from the actions captioned above, but this
motion was withdrawn [See Docs. 197, 221, and 228].

26, 2010, [Doc. 233].  Thus, the Court finds that the Plaintiffs' Motion to Consolidate is now ripe for adjudication.

After reviewing the parties' positions on this well-briefed issue, the Court finds that for the reasons more fully explained below, the Plaintiffs' Motion to Consolidate is well-taken, and it shall be **GRANTED**.  The three cases captioned above will be **CONSOLIDATED** for all purposes, including discovery, the issue of class certification, and trial.

## I.     BACKGROUND

The Tennessee Valley Authority operates the Kingston Fossil Plant.  On December 22, 2008, a dike at the Kingston Fossil Plant failed.  This dike retained a pond which was used to dispose of coal ash produced by the plant; thus, when the dike failed ash waste escaped from the pond.  Millions of cubic meters of ash waste was released into the area surrounding the plant including bodies of water, such as the Emory River and its tributaries.

Fifty-eight cases alleging various forms of civil liability against TVA, and other entities, have been filed with and are currently being litigated in this District.  The first seven of these cases were filed shortly after the accident in the spring of 2009, and these cases have generally proceeded through discovery on the same track and timeline.  The three cases before the Court were filed in this period—Blanchard, Case No. 3:09-CV-09, having been filed January 9, 2009; Giltnane, Case No. 3:09-CV-14, having been filed January 9, 2009; and Long, Case No. 3:09-CV-114, having been filed March 17, 2009.  All of the cases captioned above seek class certification, and of the fifty-eight cases filed, only one other case, Mays v. Tennessee Valley Authority, Case No. 3:09-CV-06, seeks class certification.

## II.  POSITIONS OF THE PARTIES

These Plaintiffs request that their cases be consolidated for all purposes.  In addition, they request that the Court allow them to file a proposed Consolidated Complaint [Doc. 196-2], which requests class action certification.  In support of their requests, the Plaintiffs state that the cases at issue present common questions of law and fact, which support consolidation to avoid inconsistent adjudications. [Doc. 196-1 at 2].  The Plaintiffs argue that there is little danger that confusion or prejudice will result from consolidation, and the Plaintiffs maintain that consolidation will conserve judicial resources and the parties' resources. [Doc. 196-1 at 2].

As previously stated, TVA does not oppose the Plaintiffs' request for consolidation in these cases.  The only opposition to consolidation is from WorleyParsons and Geosyntec.  WorleyParsons argues that consolidation of these cases will do little to simplify the Court's docket and maintains that there is a potential for confusion and prejudice in relation to certification of a class under Rule 23 that will be worsened by consolidation. [Doc. 204 at 1-2].  Geosyntec similarly responds that the consolidation will, in essence, create more problems than it cures and will not serve judicial economy. [Doc. 205 at 5].

## III.  APPLICABLE LAW

Rule 42 of the Federal Rules of Civil Procedure instructs, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions . . . ." Fed. R. Civ. P. 42(a)(2) (internal numbering omitted).  The decision regarding whether consolidation is warranted in cases that involve the same factual and legal questions is a determination that falls within the court's discretion.  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citing Stemler v. Burke, 344 F.2d 393, 396 (6th Cir.1965)).  In making this decision,

a court should consider whether the specific risks of prejudice and possible confusion posed by consolidation are overborne "by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Cantrell, 999 F.2d at 1011 (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985)).

Even where cases are consolidated pursuant to Rule 42, the cases retain their separate identities, because while "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412 (6th Cir.1998) (inner citation removed) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)).

## IV.    ANALYSIS

It is undeniable that the cases present common questions of law and fact; no party opposes this motion based upon a lack of common questions of law and fact.  Thus, the Court finds that these cases satisfy the criteria contained within Rule 42, but the Court must determine whether to exercise its discretion and order consolidation.

Since the ash spill occurred in late 2008, the Court has worked along with the parties to avoid inconsistent adjudications of common factual and legal issues and to reduce the burden on the parties and the Court by adjudicating common issues separately.  These efforts have taken the form of combined briefings, hearings, orders, and conferences.  While the Court has in no way interpreted TVA, Geosyntec, or WorleyParson's participation in any combined efforts as a waiver or

acquiescence to consolidation, the Court finds that the success of the various consolidations and combinations that have taken place thus far weighs in favor of more extensive consolidation.

The Court finds that consolidation of the three cases before the Court is especially appropriate given the nature of the three cases at issue. As previously stated, these cases all request class certification under Rule 23. Only one other case, Mays v. Tennessee Valley Authority, Case No. 3:09-CV-06, requests class certification, and the Court has requested and received briefing from Mr. Mays on the issue of consolidation, [Doc. 93 in 3:09-CV-06]. After reviewing Mr. Mays's filing, the Court has assured itself that the Mays action is distinguishable from these three cases, because these three cases seek class certification *and* plead claims for medical monitoring, whereas Mr. Mays does not [Doc. 196-2 at 1].

The Court has reviewed Geosyntec and WorleyParson's arguments in opposition to consolidation. Initially, the Court notes that many of the complications discussed in opposition to consolidation relate to a Motion to Sever [Doc. 197], which has been withdrawn and is no longer at issue. Nonetheless, the Court is mindful that class certification may very likely pose complicated logistical decisions and legal determinations, but class certification is not the issue now before the Court. Geosyntec and WorleyParson's concerns about class certification and related issues shall be addressed at a later time.

Moreover, the Court finds that there is little danger of prejudice or confusion resulting from the consolidation of these cases because the Plaintiffs' prayer for a jury trial in these matters was denied by the Order of the District Court entered on March 26, 2010. The Court is well-equipped to distinguish amongst the parties who are involved in each respective action or are accused of wrong-doing by each claim, regardless of whether the cases are consolidated.

Based upon the foregoing and after considering the factors identified by the Court of Appeals for the Sixth Circuit in <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007 (6th Cir. 1993), the Court finds that the risk of prejudice and confusion posed by consolidation of these cases is overborne by the various advantages posed by consolidation, including the commonality of the class certification issue and medical monitoring claims in and amongst these cases and the potential for conserving judicial resources. Thus, the Court finds the Plaintiffs' request to consolidate these cases for all purposes, including discovery, the issue of class certification, and trial, and the Plaintiffs' request to file a consolidated complaint are well-taken.

## V.    CONCLUSION

Accordingly, the Plaintiffs' Motion to Consolidate[3] is **GRANTED**. The three cases captioned above will be **CONSOLIDATED** for all purposes, including discovery, issues of class certification, and trial. Because the proposed Consolidated Complaint [Doc. 196-2] was drafted prior to the withdrawal of the Motion to Sever [Doc. 197], the Court will allow the Plaintiffs up to and including **July 13, 2010**, to file the Consolidated Complaint with the correct captioning of Plaintiffs. The Court expects the Consolidated Complaint that is filed will be virtually identical to the proposed Consolidated Complaint [Doc. 196-2], in all other respects.

Finally, <u>Blanchard v. Tennessee Valley Authority</u>, Case No. 3:09-CV-09, the earliest filed of these cases, shall serve as the lead case amongst these consolidated cases. Counsel shall file any pleadings, motions, or other filings in the <u>Blanchard</u> case only. The filings made in <u>Blanchard</u> will be deemed filed in both <u>Giltnane v. Tennessee Valley Authority</u>, Case No. 3:09-CV-14, and <u>Long</u>

---

[3]Doc. 133 in Case No. 3:09-CV-09, Doc. 129 in Case No. 3:09-CV-14, and Doc. 196 in Case No. 3:09-CV-114.

v. Tennessee Valley Authority, 3:09-CV-114.

**IT IS SO ORDERED**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge