UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GEORGE CHESNEY, *et al.*, | ) | No. 3:09-CV-09 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | | |
| JOT RAYMOND, *et al.*, | ) | No. 3:09-CV-48 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | | |
| ANITA AUCHARD, *et al.*, | ) | No. 3:09-CV-54 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | | |
| LEE SCOFIELD, *et al.*, | ) | No. 3:09-CV-64 |
| v. | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |

**MEMORANDUM AND ORDER**

These civil actions are before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Thomas A. Varlan, United States District Judge, for disposition of matters relating to discovery. Now before the Court is Plaintiffs' Motion to Exclude TVA's Expert Witnesses for Failure to Produce Expert Reports and/or Failure to Provide a Summary of Facts and Opinions and Request for Expedited Briefing Scheduling, which has been filed in each of the above cases.[1]

---

[1] The motion was filed as Doc. 344 in Case No. 3:09-CV-09, Doc. 203 in Case No. 3:09-CV-48, Doc. 429 in Case No. 3:09-CV-54, and Doc. 208 in Case No. 3:09-CV-64. The motion was also filed as Doc. 315 in Case No. 3:09-CV-14 and as Doc. 397 in Case No. 3:09-CV-114, but these cases were not included in the caption in the motion or response because the cases have been consolidated with Case No. 3:09-CV-09. This order is meant to dispose of the motion in each case captioned above.

The Tennessee Valley Authority ("TVA") has responded in opposition to the Plaintiffs Motion to Exclude, and the Plaintiffs have filed their final reply.

The Court finds that the Plaintiffs' Motion to Exclude TVA's Expert Witnesses for Failure to Produce Expert Reports and/or Failure to Provide a Summary of Facts and Opinions and Request for Expedited Briefing Scheduling is now ripe for adjudication, and for the reasons stated below, it will be **DENIED**.

**I.     POSITIONS OF THE PARTIES**

The Plaintiffs move the Court to exclude the testimony of sixteen witnesses[2] disclosed by TVA. The Plaintiffs argue that TVA failed to provide expert reports, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Alternatively, the Plaintiffs argue that these witnesses failed to provide a summary of the facts and opinions to which each witness is expected to testify, as required by Rule 26(a)(2)(C)(ii). The Plaintiffs maintain that these witnesses should be excluded from testifying at trial based upon the alleged failure to provide expert report and/or summaries.

TVA responds that the Plaintiffs' motion and the request for exclusion should be denied. In support of its position, TVA maintains, first, that none of the sixteen witnesses were "retained or specially employed to provide expert testimony in the case," Fed. R. Civ. P. 26(a)(2)(B). Nor are

---

[2]Casandra Wylie, TVA Manager of Atmospheric Modeling and Analysis Group; David Bowling, Jr., TVA Manger of River Forecast Center; Michael Broder, TVA Supervisor of Atmospheric Monitoring Group; Ralph Pope, TVA Kingston Environmental Air Specialist; Ralph Valente, TVA Project Engineer, Environmental Technology Group; Mark Wolfe, TVA Environmental Scientist, Environmental Science and Resource Group; William Rogers, TVA Quality Assurance Specialist, Environmental Science and Resource Group; Steven McCracken, TVA General Manager, Kingston Recovery Project; Neil Carriker, TVA Project Manager, Kingston Recovery Project; Dallas Sluss, TVA Manager, Transmission and Operations Surveying Group; David Hankins, TVA Geographic Analyst, Geographic and Engineering Group; Rock Vitale, Environmental Standards, Inc.; Leo Francendese, United States Environmental Protection Agency ("EPA"); Craig Zeller, EPA; Greg Noah, EPA; and Tim Slagle, EPA.

they "whose duties as the party's employee regularly involve giving expert testimony," and thus, TVA argues that their disclosures were not required to be accompanied by a "written report" under Rule 26(a)(2)(B). TVA also maintains that its disclosures for these sixteen witnesses conform to the requirements of Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) in that the subject matter of their testimony, together with summaries of the facts and opinions, are stated in the disclosure statement and are also apparent from their respective roles, responsibilities, training and professional education, which it maintains are well-known to the Plaintiffs.

## II. ANALYSIS

The Plaintiffs' Motion to Exclude contains two prayers for relief. It, first, requests the exclusion of the testimony of the sixteen identified witnesses, and it also requests expedited briefing on this issue. The Court will address the latter of these requests first.

### A. Expedited Briefing

Local Rule 7.1 allows a party fourteen days in which to respond to a motion, and thereafter, affords the moving party seven days to file a final reply. E.D. Tenn. L.R. 7.1(a). In this case, the Plaintiffs requested that the Court allow TVA only seven days to respond and that the Court afford the Plaintiffs just four days in which to make their final reply.

The Court finds that this request is not well-taken, and accordingly, it is **DENIED**. The Court is mindful of the dates and deadlines contained in the scheduling order, but the Court has afforded the parties the standard time allotted under Rule 7.1, in which to brief the issues now before the Court.

**B. Exclusion of Testimony**

Subsection (b)(2) of Rule 26 governs disclosure of expert testimony and outlines the disclosures that must be made by various witnesses. Rule 26(b)(2)(B) describes those expert witnesses that must provide a written report and the contents of such a report. Subsection (B) states:

> *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, [the witness] disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(b)(2)(B).

Federal Rule of Civil Procedure 26(a)(2) was amended in 2010 to include Subsection (C), which mandates "summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26, adv. committee's note 2010. Subsection (C) states:

> *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> **(i)** the subject matter on which the witness is expected to

4

> present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(b)(2)(C). The Advisory Committee noted that the inclusion of Subsection (C) "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26, adv. committee's note 2010.

Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1(1st Cir. 2011), was one of the first cases from a Court of Appeals to discuss the interaction between Subsections (B) and (C) of Rule 26(a)(2). In Downey, the plaintiffs discovered an infestation of bed bugs and immediately called a pest control company. Edward Gordinier, a licensed and experienced exterminator, responded to the service call the same day. Id. at 3. Gordinier composed an incident report describing the infestation and later carried out the necessary extermination treatments. Id. Gordinier was disclosed as a expert; he did not, however, produce a written report delineating his expected testimony. Id. at 4. The district court granted a motion to exclude Gordinier's testimony based upon his failure to provide a written report, but the Court of Appeals for the First Circuit reversed and found the district court abused its discretion in excluding the testimony. Id. at 8.

In making its decision, the Court of Appeals found that in order to give the phrase "retained or specially employed," found in Rule 26(b)(2)(B), "any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony." Id. at 6. The court reasoned that where "the expert is part of the ongoing sequence of

5

events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert." Id. at 7.

The interpretation of Rule 26(b)(2) by the court in Downey has been favorable received, see, e.g., American Property Const. Co. v. Sprenger Lang Foundation, 2011 WL 1279341 (D.D.C. Mar 14, 2011), and the Court finds it to be instructive in the cases before the Court. TVA has affirmatively represented that the sixteen witnesses at issue are the type of hybrid witnesses, whom Subsection (C) was formulated to address. Specifically, TVA has stated that the witnesses: "(a) were participants in TVA's ash spill response activities and (b) are scientists and engineers who used their 'specialized knowledge, etc.' in discharging their employment duties." Such hybrid witnesses are specifically excluded from the written expert report requirement. Thus, the Court finds that the Plaintiffs' argument that these witnesses were required to submit written expert reports pursuant to Rule 26(b)(2)(B) is not well-taken.

Nonetheless, these sixteen witnesses are required, pursuant to Rule 26(b)(2)(C), to provide a disclosure stating the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," along with a " summary of the facts and opinions to which the witness is expected to testify."

The Court has reviewed TVA's Expert Disclosures, which were attached to the Plaintiffs' Motion to Exclude. The Court finds that these disclosures[3] provide summaries of the expected

---

[3]By way of example, two of the disclosures are:
● "Cassandra L. Wylie, Manager of TVA's Atmospheric Modeling and Analysis Group, 400 West Summit Hill Drive, Knoxville, Tennessee 37902. In accordance with Rule 26(a)(2)(C), TVA states that Ms. Wylie may be called to testify about air monitoring activities conducted as a result of the Kingston coal ash release. She also may be called to testify about the results of air monitoring for particulate matter (PM) at Kingston compared to regional PM levels and to the Environmental Protection Agency PM standards. Finally, she may be called to testify about the correlation between regional PM

6

expert and factual testimony from each witness and that they comply with Rule 26(b)(2)(C). Thus, the Court finds that the Plaintiffs' argument that these witnesses should be excluded from testifying, based upon their failure to comply with Rule 26(b)(2)(C), is not well-taken.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiffs' Motion to Exclude TVA's Expert Witnesses for Failure to Produce Expert Reports and/or Failure to Provide a Summary of Facts and Opinions and Request for Expedited Briefing Scheduling[4] is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

and power generation at TVA's Kingston Fossil Plant and Bull Run Fossil Plant."
● "David L. Bowling, Jr., Manager of TVA's River Forecast Center, 400 West Summit Hill Drive, Knoxville, Tennessee 37902. In accordance with Rule 26(a)(2)(C), TVA states that Mr. Bowling may be called to testify about water flows and elevations in the Emory, Clinch, and Tennessee River portions of the Watts Bar Reservoir at various locations and times."

[4] Doc. 344 in Case No. 3:09-CV-09 (Doc. 315 in Case No. 3:09-CV-14 and Doc. 397 in Case No. 3:09-CV-114), Doc. 203 in Case No. 3:09-CV-48, Doc. 429 in Case No. 3:09-CV-54, and Doc. 208 in Case No. 3:09-CV-64.